VAN BUREN COUNTY SAVINGS BANK, Appellant, v. J. H. MILLS, Respondent.

St. Louis Court of Appeals, February 17, 1903.

1. **Justices' Courts: CIRCUIT COURT: APPEALS: CHANGE OF ISSUE: TRIAL DE NOVO: APPEAL.** In the case at bar the pleadings and evidence are examined and it is *held* that there was no such change of the defensei in the circuit court, after the case had been appealed from the justice's court, as is forbidden by the provisions of section 4079, Revised Statutes 1899, which seem to be directed only against changing the cause of action, or, perhaps, a counterclaim.

2. **Evidence: PRACTICE, TRIAL.** Where there is evidence on both sides of a question, it is for the jury to decide, subject to the supervisory power of the trial court.

Appeal from Knox Circuit Court.—*Hon. Edwin R. Mc-Kee,* Judge.

AFFIRMED.

*W. T. Rutherford* for appellant.

The law is well settled in this State, that the appellate court will reverse the judgment of a trial court

based upon the verdict of a jury which is manifestly the result of prejudice or passion. Bertram v. Railway, 154 Mo. 639. We submit that the verdict of the jury in this case is the result of passion and prejudice and is certainly against the weight of the evidence in the cause. Defendant went to trial in the justice's court upon a plea of payment, and plaintiff recovered judgment against him, from which he appealed. His plea of payment was a solemn fact and was, or should have been, in accordance with the truth and facts in the case, and was certainly pleaded advisedly, and a good defense if true.

*Berkheimer & Dawson* for respondent.

Where there is sufficient evidence to go to the jury, and proper instructions are given, their finding is conclusive. Culbertson v. Hill, 87 Mo. 553; Bank v. Armstrong, 92 Mo. 265; State v. Young, 119 Mo. 495; Lawson v. Mills, 130 Mo. 170; Dean v. Fire Association, 65 Mo. App. 209. The determination of a motion for a new trial, on the weight of the evidence, rests in the discretion of the trial court. Lawson v. Mills, 130 Mo. 170; Bemis Bros. Bag Co. v. Ryan Co., 74 Mo. App. 627. We think, under the law and the evidence in this case the judgment founded upon the verdict of the jury should be affirmed, as the only ground for a new trial urged in this case is that the verdict of the jury is contrary to the evidence.

GOODE, J.—This action was instituted before a justice of the peace on a promissory note executed by the defendant to the plaintiff October 25, 1897, for one hundred dollars, due sixty days after date.

Defendant filed an answer in the justice's court which, in addition to a general denial, contained the following special defense:

"Defendant further says that he admits the execution of the note sued on, but says that said note, with

other notes, were given to the said bank by this defendant for the purpose of checking against them and to secure checks drawn by this defendant on said bank. That this defendant did draw checks on said bank at divers times against said notes as such deposit, but defendant says that at the time and at divers other times he remitted and paid to said bank the full amount of the checks so drawn on said bank by this defendant. But defendant charges and avers that said plaintiff wrongfully and fraudulently refused to credit said note and said other notes with the amounts so remitted by this defendant as aforesaid. Wherefore defendant says that said notes are fully paid off and discharged and asks to be discharged with costs.''

The testimony of Mills, which was corroborated by certain circumstances, was that he was in the cattle business and frequently had occasion, when purchasing stock, to draw checks on the plaintiff, the Van Buren Savings Bank, and that in view of checks which he might draw, he gave the note in suit to the bank so that the amount of it might be credited to his account in the bank, against which he could then check without overdrawing. He testified further that he received no credit for the note in suit on his account with said bank, but that he afterwards paid to the bank the full amount of all the checks he drew on it.

On the other hand, the testimony of the cashier of the bank and of other witnesses is that Mills was paid the proceeds of the note in cash at the time it was executed. This testimony was given on the trial *de novo* in the circuit court, which resulted in a judgment in favor of the defendant, an appeal being taken from that judgment to this court.

It should be stated that at the first term of the circuit court after the case was appealed thereto, the defendant made application for a continuance, stating that he had paid the note in suit in full, which payment his

brother, T. S. Mills, witnessed, and a continuance was prayed on account of the absence of said T. S. Mills.

I. Appellant insists that the case was tried on an issue in the circuit court different from that joined in the justice's court, the answer filed by the defendant in the latter court being asserted to state the defense of payment of the note. We have quoted the answer which speaks for itself; and while it might, perhaps, be construed to plead payment of the note, the facts stated are consistent with those testified to by the defendant; namely, that he drew checks against the amount of this note, but afterwards paid those checks to the bank. It is true the answer states the bank failed to credit the note with the amount so paid; but a fair construction of the averments is that Mills drew checks on his account supposing a credit had been given him for the proceeds of this note and afterwards paid the checks without having received credit for the note's proceeds. There was no such change of the defense in the circuit court as is forbidden by the statutes, which seem, indeed, to be directed only against changing the cause of action or perhaps a counterclaim. R. S. 1899, sec. 4079; Hixon v. Selders, 46 Mo. App. (K. C.) 275.

2. It is also contended that the verdict of the jury was so opposed to the weight of the evidence as to be manifestly the result of prejudice or passion. We think otherwise. It is by no means clear from the account of defendant with the bank, which was introduced in evidence, that defendant got credit for the amount of the note in suit and in fact it was admitted at the trial by the bank's attorney that its ledger did not show any credit to defendant by reason of the note in suit, although this fact was stated by the bank's officers to be due to the fact that Mills was paid the cash on the note when he gave it. Mills swore to the contrary, however, and as there was plenty of evidence on both sides of the question, it was one for the jury to decide subject to the revisory power of the trial court.

The judgment is affirmed. Bland, P. J., and Reyburn, J., concur.